**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CHARLES A. LALIBERTE, )
)
                Petitioner, ) CIVIL ACTION
v. )
) No. 14-3230-KHV
UNITED STATES PROBATION, )
District of Kansas, et al., )
)
                Defendants. )
_____)

## MEMORANDUM AND ORDER

Petitioner filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking to challenge his federal criminal conviction. For reasons stated below, the Court lacks jurisdiction to decide petitioner's claims under Section 2241 and dismisses this action without prejudice.

## Factual And Procedural Background

On December 4, 2007, petitioner pled guilty to conspiracy to possess controlled substances with intent to distribute. On February 20, 2008, the Honorable Wesley E. Brown sentenced petitioner to 87 months in prison and three years of supervised release. Petitioner appealed. On January 23, 2009, the Tenth Circuit Court of Appeals affirmed. See United States v. Laliberte, 308 F. App'x 295, 297 (10th Cir. 2009). The Supreme Court denied petitioner's petition for a writ of certiorari. United States v. Laliberte, 556 U.S. 1160 (2009).

In March of 2010, petitioner filed a motion to vacate under 28 U.S.C. § 2255. Judge Brown overruled petitioner's motion. Memorandum and Order (Doc. #187) filed April 14, 2010. Petitioner appealed. The Tenth Circuit denied his application for a certificate of appealability and dismissed the appeal. See United States v. Laliberte, 393 F. App'x 573 (10th Cir. 2010).

On December 17, 2014, petitioner filed this action for habeas relief under 28 U.S.C. § 2241. Petitioner asks the Court to vacate his criminal conviction and expunge all records of the criminal case. As explained below, the Court lacks jurisdiction to decide the petition.[1]

**Analysis**

A habeas petition under Section 2241 attacks the execution of a sentence by challenging matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters. McIntosh v. U.S. Parole Com'n, 115 F.3d 809, 812 (10th Cir. 1997); see Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000) (Section 2241 petitions challenge execution, not validity, of sentence). The Court ordinarily lacks jurisdiction to consider a petition under Section 2241 which attacks an underlying federal conviction or sentence. McIntosh, 115 F.3d at 811-12.

Here, under Section 2241, petitioner attacks the validity of his federal criminal conviction and sentence. After defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising such a challenge is under Section 2255 unless that remedy is inadequate or ineffective. Boose v. Maye, No. 15-3060-KHV, 2016 WL 492745, at *2 (D. Kan. Feb. 8, 2016); 28 U.S.C. § 2255(e) (federal prisoner may file Section 2241 habeas petition only if remedy by motion under Section 2255 is inadequate or ineffective to test legality of movant's detention); see United States v. McIntyre, 313 F. App'x 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The mere fact that a prisoner is precluded from filing a time-barred or second Section 2255 petition does not establish that the remedy under Section 2255 is inadequate or

---

[1] The Bureau of Prisons released petitioner from custody on July 29, 2014. On November 20, 2015, the Court directed petitioner to show cause in writing why this action should not be dismissed as moot, given his release from custody. Petitioner filed a response. See Doc. #5. Because the Court lacks jurisdiction to decide this case under Section 2241, it need not address whether the case is moot.

ineffective. United States v. Montano, 442 F. App'x 412, 413 (10th Cir. 2011); Caravalho v. Pugh, 177 F.3d 1177, 1179 (10th Cir. 1999); see Grecco v. Williamson, 152 F. App'x 195, 196 (3d Cir. 2005) (Section 2255 not inadequate or ineffective merely because difficult to pursue successive motion).

A petition under Section 2241 is not an additional, alternative or supplemental remedy to the relief afforded under Section 2255. Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963); see United States v. Torres, 282 F.3d 1241, 1246 (10th Cir. 2002) (defendant cannot avoid bar against successive Section 2255 petitions by simply styling petition under different name); see also Patel v. Morris, 37 F. App'x 428, 430-31 (10th Cir. 2002) (allowing claims under Section 2241 that are barred under Section 2255 would allow prisoners to avoid stringent gatekeeping requirements and would be contrary to Congressional intent to restrict successive petitions to extremely limited situations). A remedy is available under Section 2241 only if a claim procedurally could not have been raised at all under Section 2255, such as when the original sentencing court has been abolished, refuses to consider or inordinately delays consideration of the Section 2255 motion, or is unable to grant complete relief because other sentencing courts are involved. Boyce v. Berkebile, 590 F. App'x 825, 826 (10th Cir. 2015) (citing Caravalho, 177 F.3d at 1178); see Prost v. Anderson, 636 F.3d 578, 584 (10th Cir. 2011). Here, petitioner has not alleged or shown that his claims could not have been brought in his initial Section 2255 motion. Accordingly, the Court lacks jurisdiction to decide his petition under Section 2241. See Cleaver v. Maye, 773 F.3d 230, 233 (10th Cir. 2014).

The Court in its discretion construes defendant's present petition as a second or successive motion under 28 U.S.C. § 2255.[2] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in making a decision to transfer an action or instead to dismiss the action without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the

---

[2] Ordinarily, before the Court recharacterizes a pro se document as a Section 2255 motion, it will provide defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. See Castro v. United States, 540 U.S. 375, 383 (2003). Where the motion is untimely or a successive motion, however, defendant is not prejudiced by lack of such notice. See Torres, 282 F.3d at 1245-46.

Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Petitioner has not alleged newly discovered evidence or a new rule of constitutional law that would qualify for authorization under Section 2255(h). Because defendant's motion is clearly without merit, seeks to re-litigate issues which he has already raised or could have raised on direct appeal or in his first Section 2255 motion, and is untimely, the Court overrules the motion rather than transferring it to the Tenth Circuit. See United States v. Lara-Jiminez, 377 F. App'x. 820, 822 (10th Cir. 2010) (transfer not in interest of justice when claims clearly do not meet requirements in Section 2255(h)); In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).

**IT IS THEREFORE ORDERED** that this Petition For A Writ Of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. #1) is **DISMISSED without prejudice for lack of jurisdiction.**

**IT IS FURTHER ORDERED** that petitioner's Motion for Ruling (Doc. #8) filed January 13, 2016, is **OVERRULED as moot**.

Dated this 17th day of February, 2016 at Kansas City, Kansas.

               s/ Kathryn H. Vratil
               KATHRYN H. VRATIL
               United States District Judge